Appeal by an employer and its insurance carrier from a decision and award of the Workmen’s Compensation Board for death benefits. Appellants contend that errors in the exclusion of evidence were so substantial as to require reversal and remittal. We agree. In the course of his *1021 work as an assistant personnel director, decedent went to Potsdam, New York, to interview students at Clarkson College who might be or become interested in applying for positions with his employer. This work of recruitment, so-called, was regularly performed by decedent. He was furnished an automobile for use on such trips and his hotel and other expenses were paid by the employer. His superior testified that decedent’s employment was not limited as to hours and included entertainment of college placement officials at luncheon or at dinner in the evening. There was evidence, also, that on occasion he interviewed prospective employees in the evening. On this particular trip he interviewed students during the afternoon and apparently planned to stay overnight at a hotel in Potsdam where a room had been reserved for him. At about ten fifteen o’clock in the evening, decedent went to an inn near Potsdam and was there from 30 to 45 minutes. Shortly after he had left, and while he was operating his automobile in the direction of his hotel, an accident occurred in which he sustained injuries which caused his death. The carrier called witnesses to testify as to decedent’s conduct and condition while he was at the inn. The witness Harmon testified that a photograph exhibited to him was a likeness of someone whom he had seen and that he did not “ know him by name ”. At this juncture, claimant’s counsel interrupted by addressing a question to the witness which elicited the reply that he could not be “ absolutely positive ”. The same attorney then asked, “ It could be a photograph of anyone of the same build and coloring or anything, could it not?” The witness replied, “Well, I suppose it could.” After appellants’ counsel asked a further question, claimant’s attorney objected to the question whether the subject of the photograph had been in the witness’ establishment. Although, as has been noted, claimant was represented by counsel, the referee thereupon took over the examination and, after another interruption by claimant’s counsel, asked, “do you want to give sworn testimony * * * that the man * * * was in your restaurant on some certain definite time?” The witness answered in the negative. Identification was not required to be positive to the point of certainty. (People v. Spinello, 303 N. Y. 193, 203.) The attempt then made by appellants’ counsel to refresh the witness’ recollection by exhibiting to him a signed statement was improperly objected to, the referee again examined at some length, and appellants’ counsel abandoned that line of inquiry and attempted to prove a conversation between the witness and the subject of the photograph which counsel said would tend to identification. Claimant’s counsel then advanced the completely groundless objection that the testimony was barred by section 347 of the Civil Practice Act and, after some colloquy, the further objection that evidence of the conversation was irrelevant. This objection was sustained and the witness was excused. The witness Aplin testified that she conversed with decedent at the inn for some time and that as he was leaving she told him she did not think he should be driving. On objection, this was stricken out and objections to a number of other questions as to the conversation at the time of decedent’s departure were sustained. The same witness was asked, “In what condition did he appear to you?” An objection, on the ground, among others, that the question called for an opinion, was improperly sustained (People v. Eastwood, 14 N. Y. 562) and this line of proof was abandoned. The cumulative effect of the numerous erroneous and prejudicial rulings was to deprive appellants of a fair trial of the issues. A rehearing will permit proper development of the proof by appellants -and by claimant as well. Decision and award reversed and matter remitted to the Workmen’s Compensation Board, with costs to appellants against the Workmen’s Compensation Board.
Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.